# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Anonymous Mediator/Attorney, Petitioner,

v.

South Carolina Office of Disciplinary Counsel, Respondent.

Appellate Case No. 2025-001173

---

## IN THE COURT'S ORIGINAL JURISDICTION

---

Opinion No. 28293
Submitted June 23, 2025 – Filed July 30, 2025

---

## DECLARATORY JUDGMENT ISSUED

---

William C. Wood, Jr., of Nelson Mullins Riley and Scarborough LLP, of Columbia, for Petitioner.

Disciplinary Counsel William M. Blitch, Jr., Senior Assistant Disciplinary Counsel Kelly Boozer Arnold, Deputy Disciplinary Counsel Ericka McCants Williams, and Assistant Disciplinary Counsel Phylicia Yvette Christine Coleman, all of Columbia, for the Office of Disciplinary Counsel.

---

**PER CURIAM:**   Petitioner has filed a petition for original jurisdiction and a complaint asking this Court to declare whether a mediator is required to respond to a request for information from the Office of Disciplinary Counsel (ODC) in connection with its investigation into whether misconduct occurring during a

mediation or whether Petitioner is required or permitted to decline ODC's request on the basis of confidentiality as set forth in Rule 8 of the South Carolina Alternative Dispute Resolution Rules. ODC has filed a return joining Petitioner's request that this Court exercise its original jurisdiction in this matter and requesting that this Court declare that Petitioner is required to respond to its investigative inquiry. The petition for original jurisdiction is granted, and we declare that nothing in the South Carolina Alternative Dispute Resolution Rules precludes Petitioner from responding to ODC's investigative inquiry in this matter.

## I.

Petitioner is an attorney who also serves as a certified mediator. The Office of Disciplinary Counsel (ODC) received a complaint about certain conduct of an attorney (Lawyer) who represented a client in a mediation conducted by Petitioner. The complaint alleges that Lawyer engaged in behaviors during the mediation that raise serious questions as to his then-present ability to provide his client competent representation.[1] In the course of investigating this complaint, ODC requested that Petitioner provide a written statement about Petitioner's observations of Lawyer's demeanor during the mediation.[2] Petitioner declined to provide a statement and, instead, filed the instant action in this Court seeking a declaration of his duties and obligations under Rule 8 of the Alternative Dispute Resolution Rules and the Rules of Professional Conduct, Rule 407, SCACR.

## II.

"A lawyer, being a member of the legal profession, is a representative of clients, an officer of the legal system[,] and a public citizen having special responsibility for the quality of justice." Preamble [1], Rule 407, SCACR. "Every lawyer is responsible for observance of the Rules of Professional Conduct" and "should also aid in securing their observance by other lawyers." *Id*. at [7]. "Neglect of these

---

[1] It is alleged that Lawyer, who appeared at the mediation virtually, was not fully dressed and was under the influence of alcohol or other substance, which significantly impaired his ability to communicate and participate in the mediation conference.

[2] *See* Rule 15(b), RLDE, Rule 413, SCACR (authorizing ODC to issue subpoenas, conduct interviews, and examine evidence to determine whether grounds exist to believe the allegations of complaints). Here, ODC did not subpoena Petitioner's testimony, but that does not impact the outcome of this particular case.

responsibilities compromises the independence of the profession and the public interest which it serves."  *Id.*

In South Carolina, attorneys are required to report misconduct if they "*know*[] that another lawyer has committed a violation of the Rules of Professional Conduct that raises a *substantial* question as to that lawyer's honesty, trustworthiness[,] or fitness as a lawyer in other respects."  Rule 8.3(c), RPC, Rule 407, SCACR (emphasis added).  Additionally, attorneys are prohibited from knowingly failing to respond to a lawful demand for information from a disciplinary authority.  Rule 8.1(b), RPC, Rule 407, SCACR.  In the mediation context, these obligations apply to attorney mediators and non-attorney mediators alike.  *See* Rule 19(b)(1)(B)(iv), SCADR (providing that to be certified as a circuit or family court mediator, a person must agree to be subject to the Rules of Professional Conduct and the Rules for Lawyer Disciplinary Enforcement to the same extent as a regular member of the South Carolina Bar).  These rules underscore each attorney's role in ensuring the members of our profession conform to the requirements of the law and that all lawyers conduct themselves in ways that enhance the quality of justice and protect the rule of law in South Carolina.

As to the mediation context specifically, we acknowledge both the critical role mediation plays in dispute resolution in South Carolina and also that confidentiality is a critical aspect of ensuring the quality, integrity, and success of a mediation proceeding.  To that end, Rule 8(a) of the South Carolina Alternative Dispute Resolution Rules provides that "any mediation communication disclosed during a mediation including but not limited to oral, documentary, or electronic information shall be confidential, and shall not be divulged by anyone in attendance at the mediation, except as permitted under this rule or by statute."

Nevertheless, this confidentiality is not absolute.  Indeed, there are key policy reasons why certain communications made during a mediation are not confidential.  Specifically, subsection (c) of Rule 8, SCADR, sets forth various exceptions, including that no confidentiality attaches to information disclosed during a mediation that is "offered to report, prove, or disprove professional misconduct occurred during the mediation."  Rule 8(c)(5), SCADR.  This is the provision upon which ODC relies in requesting information from Petitioner about Lawyer's demeanor during the mediation.

Although Petitioner acknowledges the confidentiality exception of subsection (c)(5), Petitioner nevertheless argues that he cannot divulge any details of anything that occurred during the mediation.  Essentially, Petitioner argues that a mediator

in particular, as distinguished from a party or counsel, "shall not be compelled . . . to divulge any records or to *testify in regard to the mediation*" pursuant to subsection (g) of Rule 8, SCADR. (emphasis added).  In other words, Petitioner takes the position that this subsection establishes what would essentially be a blanket prohibition preventing a mediator from disclosing anything that may have occurred during the mediation.

In response, ODC argues that its investigative inquiry in this matter focuses on Lawyer's conduct and demeanor during the mediation, not on any communication relating to the substance of the mediation.  Thus, according to ODC, subsection (g) does not prohibit Petitioner's cooperation with the investigation, as subsection (g) applies only insofar as confidentiality has already attached to a communication. Accordingly, because Lawyer's demeanor during the mediation is not considered a "mediation communication," no confidentiality has attached to it, and Petitioner is not prohibited from disclosing to ODC the details of Lawyer's demeanor during the mediation.

## III.

Because the information ODC seeks relates to Petitioner's observations of Lawyer's demeanor during the mediation—namely, whether Lawyer's behavior indicated he was intoxicated—the investigative inquiry does not relate to any communication regarding the substance of the mediation.  Thus, we conclude that nothing in subsections (a) or (g) of Rule 8, SCADR, prohibits Petitioner from responding to ODC's investigative inquiry.  Accordingly, this particular matter presents no conflict between the relevant provisions of the South Carolina Alternative Dispute Resolution Rules and the Rules of Professional Conduct.  Petitioner shall respond to ODC's investigative inquiry consistent with his obligations under the Rules of Professional Conduct.  Indeed, public confidence in the legal system requires that all members of the legal profession diligently and faithfully observe all relevant professional obligations, including reporting misconduct and cooperating with processes designed to ensure accountability.  In other words, an attorney's ethical misconduct cannot be ignored by other members of the legal profession or obscured by the mediation process.

**DECLARATORY JUDGMENT ISSUED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**